UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **GLEN THOMPKINS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-15347** |
| **WARDEN SHERMAN FORD** | **SECTION "I"(4)** |

### REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.  Factual and Procedural Background

The petitioner, Glen Thompkins ("Thompkins") is a convicted inmate incarcerated in the Catahoula Correctional Center in Harrisonburg, Louisiana.[2] On January 21, 2015, Thompkins was charged by Bill of Information in Lafourche Parish with one count of obscenity.[3]

The record reflects that, on December 19, 2014, Officer Sheena Hill, a corrections officer at the Lafourche Parish Detention Center, was conducting her nightly security.[4] Officer Hill, as

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 6.

[3] St. Rec. Vol. 1 of 1, Bill of Information, 1/21/15.

[4] The facts were taken from the unpublished opinion of the Louisiana First Circuit Court of Appeal. St. Rec. Vol. 1 of 1, 1st Cir. Opinion, 2017-KA-0210, pp. 2-3, 9/21/17.

required of female officers, announced her presence on the tier by saying "female" or "female on the block," as she entered Block F where Thompkins was assigned. The announcement was made approximately 30-feet from the third cell down the catwalk, where Thompkins was located at the time, although he was assigned to the fourth cell. As she proceeded down the catwalk performing the security check, Officer Hill used a device called a guardian to scan inmate identification tags and report inmate activities. When she approached cell three, Thompkins was lying in bed two, masturbating with his penis exposed and a towel over his eyes. After Officer Hill addressed Thompkins, he removed the towel from over his eyes, slightly held his head up to make eye contact with the officer, then put his head back down and continued masturbating. Officer Hill immediately used the guardian to document Thompkins activity as "Masturbating," and reported the incident to her lieutenant after completing her rounds.

Thompkins was tried before a jury on September 20, 2016, and found guilty as charged.[5] At an October 21, 2016, hearing, the Trial Court denied Thompkins's motions for new trial and for post-verdict judgment of acquittal.[6] The Court also denied Thompkins's *pro se* motion to quash the proceedings on grounds of double jeopardy.[7] After waiver of legal delays, the Court then sentenced Thompkins to serve three years in prison at hard labor.[8]

On direct appeal to the Louisiana First Circuit Court of Appeal, Thompkins's appointed counsel asserted that the sentence imposed was unconstitutional.[9] On September 21, 2017, the

---

[5]St. Rec. Vol. 1 of 1, Trial Transcript, 9/20/16; Jury Verdict, 9/20/16.

[6]St. Rec. Vol. 1 of 1, Sentencing Transcript, p. 3, 10/21/16; Motion for New Trial, 10/7/16; Motion for Post-Verdict Judgment of Acquittal, 10/7/16; *see also*, Motion for New Trial (pro se), 10/6/17; Trial Court Order, 10/17/17.

[7]*Id.*, at pp. 3-4.

[8]St. Rec. Vol. 1 of 1, Sentencing Transcript, p. 5, 10/21/16.

[9]St. Rec. Vol. 1 of 1, 1st Cir. Opinion, 2017-KA-0210, 9/21/17.

Court affirmed the conviction and sentence finding the claim procedurally barred because Thompkins did not file a motion to reconsider the sentence with the Trial Court.[10] Thompkins sought no further review of this ruling.[11]

Thompkins's conviction and sentence became final thirty (30) days later, on Monday,[12] October 23, 2017, because he did not file for rehearing or seek review in the Louisiana Supreme Court. *Butler v. Cain*, 533 F.3d 314, 317 (5th Cir. 2008) (citing *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) (appeal is final when the state defendant does not timely proceed to the next available step in an appeal process).

The State concedes that on or about November 3, 2017, Thompkins filed an application for post-conviction relief in the state trial court asserting the same claims currently before this federal court.[13] The Trial Court apparently summarily denied the application on February 2, 2018.[14] Thompkins sought review of that ruling in the Louisiana First Circuit, and his writ application was denied as procedurally improper because he failed to include required documentation.[15] The Louisiana First Circuit has given him until July 27, 2018, to refile his writ application with the

---

[10]*Id.*

[11]On June 25, 2018, a member of the Court's staff confirmed with the clerk of the Louisiana Supreme Court that Thompkins has no pending matters and no filings in that Court related to this Lafourche Parish case number.

[12]The thirtieth day was Saturday, October 21, 2017. The deadline therefore fell to the next business day, Monday, October 23, 2017. *See* La. Code Crim. P. art. 13 (weekends and holidays not included in calculation when it would be the last day of the period); Fed. R. Civ. P. 6.

[13]Rec. Doc. No. 13, p. 4. Thompkins alleges that he filed the post-conviction application in October of 2017. The record provided by the State does not contain a copy of this application or any orders related to it.

[14]*Id.*

[15]*State v. Thompkins*, No. 2018KW0296, 2018 WL 2458858, at *1 (La. App. 1st Cir. May 29, 2018).

appropriate documentation. The Court has confirmed that he has not done so, nor has he sought further review of that ruling.[16]

## II.    Federal Habeas Petition

On January 16, 2018, after correction of certain deficiencies, the clerk of this Court filed Thompkins's petition for federal habeas corpus relief in which he asserted the following grounds for relief:[17] (1) the conviction was obtained in violation of the double jeopardy prohibition; (2) the conviction was obtained in violation of the constitution because the accuser was sitting in the courtroom during the trial; (3) the sentence imposed is excessive; (4) he received ineffective assistance of counsel when his attorney did not present the prison disciplinary action at trial; (5) there were three jurors who said nothing during voir dire; (6) the conviction was obtained by the use of a coerced confession; (7) the conviction was obtained with false testimony; and (8) the evidence was not sufficient to support the verdict.

The State filed an answer and memorandum in opposition to the petition asserting that Thompkins has failed to exhaust state court remedies because he has not submitted these claims to the Louisiana Supreme Court.

## III.    General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[18] applies to this petition, which is deemed filed in this Court under the federal mailbox rule on November 20, 2017.[19] The threshold questions on habeas review under the

---

[16]*State v. Thompkins*, No. 2018KW0296, 2018 WL 2458858, at *1 (La. App. 1st Cir. May 29, 2018).

[17]Rec. Doc. No. 6.

[18]A member of the Court's staff contacted the clerk of the Louisiana First Circuit and confirmed that Thompkins has made no other filings in that Court related to this conviction. As noted previously, he also has not presented any claims to the Louisiana Supreme Court. *See* fn. 11, *supra*.

[19]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus

amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and the claims must not be in "procedural default." *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State contends that Thompkins has failed to exhaust state court review of his claims. For this reason, Thompkins's federal habeas petition should be dismissed without prejudice for his failure to exhaust state court review.

## IV.     Exhaustion Doctrine

Thompkins has not given the Louisiana courts the opportunity to address his claims before filing his federal petition. "A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *accord Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to <u>all</u> of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20) (emphasis added).

The exhaustion requirement is satisfied when the substance of the federal habeas claims have been "fairly presented" to the highest state court. *Id.* (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)) (emphasis added). "[S]tate prisoners must give the state courts one full opportunity

---

petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 378 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of court filed Thompkins's petition on January 16, 2018, when it was corrected and pauper status was granted. Thompkins dated his signature on the original petition November 20, 2017, which is the earliest date appearing in the record on which he could have presented his pleadings to prison officials for mailing to this Court.

to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999); *accord Duncan v. Walker*, 533 U.S. 167, 177-79 (2001).

"A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Id*. (citing *Nobles*, 127 F.3d at 420). It is not enough for a petitioner to raise the claims in the lower state courts, if they were not also specifically presented to the Louisiana Supreme Court. *See Baldwin v. Reese*, 541 U.S. 27, 32 (2004) (a prisoner does not fairly present a claim to a state court if that court must read beyond a petition or brief, such as a lower court opinion, to find the claim).

To exhaust review of his claims in the state courts, Thompkins must have fairly presented the same claims and legal theories he urges in this federal court to each of the state courts through the Louisiana Supreme Court in a procedurally proper manner. Thompkins simply has not done so. As confirmed by this Court, he has not exhausted review in the Louisiana First Circuit in a procedurally proper manner as demonstrated by the dismissal of his 2018 writ application on procedural grounds. In addition, he has had no pleadings filed in the Louisiana Supreme Court since his conviction in this case.

Thompkins therefore has not allowed the state courts the opportunity to review his substantive claims. The record discloses no good cause for Thompkins's failure to exhaust review of his claims, and there is none apparent from the record. He simply has not given the state courts an opportunity to review his claims.

Having shown no good cause for his failure to exhaust, this petition should be dismissed without prejudice to allow Thompkins to exhaust state court review of his claims.

## V.     Recommendation

For the foregoing reasons, it is **RECOMMENDED** that Glen Thompkins's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[20]

New Orleans, Louisiana, this  28th  day of June, 2018.

_____
**KAREN WELLS ROBY**
**CHIEF UNITED STATES MAGISTRATE JUDGE**

---

[20]*Douglass* referenced the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.